# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| ARIONNA BRENAE BIRCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:20-cv-00289 |
| v. | ) | |
| | ) | |
| WESTIN CROWN PLAZA HOTEL COMPANY | ) | |
| DBA SHERATON KANSAS CITY HOTEL | ) | |
| AT CROWN CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant Westin Crown Plaza Hotel Company files this Notice of Removal of the case styled *Arionna BreNae Birch v. Westin Crown Plaza Hotel Company dba Sheraton Kansas City Hotel at Crown Center,* Case No. 2016-CV08698 from the Circuit Court of Jackson County, Missouri, in which it is now pending (hereafter, the "State Court Action"), to the United States District Court for the Western District of Missouri, Western Division.

Defendant removes this case on the grounds of diversity jurisdiction because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff Arionna BreNae Birch and Defendant Westin Crown Plaza Hotel Company ("Defendant" or "Westin").

In support of this Notice of Removal, Defendant states the following:[1]

---

[1] *See* Civil Cover Sheet, attached as Exhibit A (seeking removal to this Court).

## I. INTRODUCTION

1. On March 10, 2020, Plaintiff Arionna BreNae Birch ("Plaintiff") filed her Petition for Damages in the Circuit Court of Jackson County, Missouri, ("State Court Action") asserting claims of discrimination based on sex, gender, pregnancy, race, disability, and religion, and hostile work environment and retaliation, all arising under the Missouri Human Rights Act. *See* Exhibit B (which contains a copy of the Petition and other process, pleadings, and papers served in the State Court Action).

2. Defendant was served with Summons and copies of the Petition on March 11, 2020.[2]

## II. VENUE AND JURISDICTION

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the Western District of Missouri geographically embraces the state court in Jackson County, Missouri, in which Plaintiff filed her State Court Action.

4. Removal of this action is proper under 28 U.S.C. § 1441 *et seq.* because it is within the United States District Court's jurisdiction under 28 U.S.C. § 1332(a) in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## III. TIMELINESS AND COMPLIANCE WITH REMOVAL PROVISIONS

5. In light of service of the Petition on March 11, this Notice of Removal is filed within thirty (30) days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

---

[2]By removing this action, Defendant does not waive any defenses or objections it may have, including but not limited to, sufficiency of process, service of process, and personal jurisdiction.

6. The Petition and any other process, pleading, and/or orders served on Defendant in the State Court Action are attached as Exhibit B, thus complying with 28 U.S.C. § 1446(a).

7. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of Jackson County, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## IV.  **<u>COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES</u>**

8. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant.  28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 445 (8th Cir. 2010).

9. For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and mean the State where an individual is physically present and intends to make his or her home indefinitely.  *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary."  *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

10. Plaintiff is a resident of the State of Missouri.  *See* Ex. B, Petition, ¶ 1.

11. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's executives direct, control, and coordinate the corporation's activities and

3

administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 93-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

13. Defendant Westin Crown Plaza Hotel Company is incorporated in Delaware and has its corporate headquarters and principal place of business in Bethesda, Maryland. *See* Declaration of Caralou Schmollinger at ¶ 4 ("Schmollinger Decl."), attached as Exhibit C.

14. Diversity of citizenship exists between Plaintiff and Defendant Westin under 28 U.S.C. § 1332(a).

## V. The Amount in Controversy Exceeds $75,000

15. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000.00, exclusive of interest and costs."

16. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The removing party is only required to establish that the jurisdictional amount is met by a mere "preponderance of the evidence." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007). In determining whether the jurisdictional amount in controversy has been met, the question is not whether the damages are greater than $75,000, but whether a fact finder could legally award more than $75,000. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

17. Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

4

18.     Plaintiff asserts six different counts in her Petition: 1) sex/gender discrimination and pregnancy discrimination; 2) race discrimination; 3) disability discrimination; 4) religious discrimination; 5) hostile work environment; and 6) retaliation. *See generally* Ex. B, Petition.

19.     More specifically, Plaintiff seeks actual, compensatory and punitive damages, which the Petition states includes but are not limited to economic loss, lost wages, lost benefits, medical expenses, and damages for mental distress and suffering, in addition to attorney's fees and costs. *See* Ex. B, Petition at ¶¶ 61-63, 70-72, 80-82, 91-93, 100-102, and 107-109, and each WHEREFORE paragraph of Counts I-VI.

20.     Regarding each of her six counts, Plaintiff seeks "actual, compensatory, and punitive damages in an amount greater than $25,000" on each such count. *See* Ex. B, Petition at the WHEREFORE paragraphs of Counts I-VI.

21.     It is well settled that multiple claims of a single plaintiff may be aggregated to satisfy the jurisdictional amount. *Lynch v. Porter*, 446 F.2d 225, 228 (8th Cir. 1971); *see also Hutchins v. Southwestern Bell Tel. Co., Inc.*, No. 4:13-cv-1155, 2013 WL 6662541, at *2 (E.D. Mo. Dec. 17, 2013) (finding "Plaintiff's sex and race claims involve discrete acts of discrimination and harassment and, therefore, properly can be aggregated.").

22.     When Plaintiff's multiple claims are aggregated – for each of which Plaintiff seeks "an amount greater than $25,000" – the aggregate amount Plaintiff seeks in excess of $150,000, clearly exceeding the $75,000 amount in controversy requirement.

23.     To be sure, Plaintiff's claim for lost wages alone (i.e. back pay and front pay) exceeds the $75,000 amount in controversy requirement. When Plaintiff's employment with Westin ended in July of 2019, Plaintiff earned $11.33 per hour as a full-time employee, working 35-40 hours per week. Thus, at a minimum, Plaintiff earned $20,620.60 per year (or $1,718.38 per month). *See* Schmollinger Decl. (Ex. C) at ¶¶ 5-6.

5

24.     According to Federal Judicial Caseload Statistics published as of September 30, 2019, the median time interval from filing to disposition at trial for civil cases in the United States District Court for the Western District of Missouri is 22.5 months. Federal Judicial Caseload Statistics, United States District Court for the Western District of Missouri – Judicial Caseload Profile, p. 60 (September 30, 2019, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf.

25.     Using the average interval above, Plaintiff's alleged (but disputed) back pay damages could exceed $51,551.40 (July 2019 (termination) – end of January 2022 (22.5 months after filing).

26.     As for front pay, the Eighth Circuit has previously affirmed front pay awards of up to ten years' worth of pay. *See e.g., Hukkanen v. International Union of Operating Engineers, Hoisting & Portable Local No. 101*, 3 F.3d 281 (8th Cir. 1993) (affirming an award of ten years' worth of front pay after trial in the Western District of Missouri); *Salitros v. Chrysler Corp.*, 306 F.3d 562 (8th Cir. 2002) (affirming an award of seven years' worth of front pay); *Newhouse v. McCormick & Co., Inc.*, 110 F.3d 635 (8th Cir. 1997) (affirming an award of 6.25 years' worth of front pay). Assuming just five years of front pay, Plaintiff's alleged (but disputed) front pay damages could exceed $103,103.00 ($20,620.60/year x five years).

27.     Accordingly, Plaintiff's claim for lost wages alone (consisting of back pay and front pay) would easily surpass the $75,000 threshold.

28.     Finally, recent jury verdicts and attorneys' fees awards received by plaintiffs for MHRA claims have exceeded $75,000. To wit:

- On January 25, 2018, the Honorable Jack R. Grate entered judgment in an MHRA case in the amount of $341,000 for actual damages and punitive damages (*Stubbs v. Independence School District, et al.*, 1616-CV11175; Mo. Cir. Ct. Jackson County, 2018);

- On February 2, 2018, the Honorable Justine E. Del Muro entered judgment in an MHRA case in the amount of $356,694.69 and $662,862.50 in attorneys' fees (*Jones v. City of Kansas City, Mo.*, 1516-CV25112; Mo. Cir. Ct. Jackson County, 2018);

- *Bowolak v. Mercy East Communities*, 452 S.W.3d 688 (Mo. Ct. App. E.D. 2014) (affirming fee award of $81,500);

- *DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. Ct. App. E.D. 2014) (reversing trial court's reduction of fee award, awarding approximately $130,000 in attorney's fees); and

- *Tate v. Autozoners, L.L.C.*, 363 S.W.179 (Mo. Ct. App. S.D. 2012) (affirming fee award of $126,000).

29. As demonstrated above, Plaintiff's claim for attorneys' fees alone allows the fact finder to reasonably conclude that Plaintiff's damages claim exceeds $75,000.

30. Considering the *combination* of Plaintiff's potential claims for lost wages, benefits, future wages, emotional distress damages, punitive damages, attorney's fees, it is clear a fact finder could legally conclude that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Accordingly, Defendants have demonstrated that this matter meets the amount in controversy requirement for removal of this action.

Accordingly, for the foregoing reasons, Defendant Westin respectfully removes this case from the Circuit Court of Jackson County, Missouri, to this Court for all further proceedings, as provided by law and that, pursuant to 28 U.S.C. § 1446, the Circuit Court of Jackson County, Missouri proceed no further unless and until such further Order of this Court.

Respectfully submitted,

/s/ Robert J. Rojas
Robert J. Rojas, MO 65144
Bonnie J. Birdsell, MO 69967
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
rrojas@littler.com
bbirdsell@littler.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

By signing below, I certify that Littler Mendelson, P.C. served the foregoing on Plaintiff's

counsel via electronic mail and the Court's ECF system this 10th day of April, 2020:

HODES LAW FIRM, LLC
Garrett M. Hodes
900 Westport Road, 2nd Floor
Kansas City, MO 64111
garrett@hodeslawfirm.com

**ATTORNEY FOR PLAINTIFF**

/s/ Robert J. Rojas
**ATTORNEY FOR DEFENDANT**

8