# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ARIONNA BRENAE BIRCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00289-DGK |
| | ) | |
| WESTIN CROWN PLAZA HOTEL | ) | |
| COMPANY, d/b/a SHERATON KANSAS | ) | |
| CITY HOTEL AT CROWN CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO STAY

This case arises out of Defendant's termination of Plaintiff in July 2019. Now before the Court is Defendant's motion to stay (Doc. 15). For the reasons stated below, the motion is DENIED.

Plaintiff was working as a front-desk clerk when, she alleges, she was unlawfully terminated by Defendant and subjected to discriminatory treatment and harassment based on her sex, pregnancy, race, and religion. She claims her disparate treatment and hostile work environment began after one of Defendant's employees learned of her pregnancy, and, then she was no longer allowed to refrain from working on Sundays. She was also denied pregnancy-related accommodations, including access to a water bottle while working.

Defendant is now seeking a ninety-day stay due to the COVID-19 pandemic. Defendant claims the pandemic has necessitated closing its hotel and furloughing many of its employees, including employees with relevant knowledge of this case. Plaintiff argues Defendant is essentially seeking an indefinite stay because it asks for a stay of "at least" ninety days. Indeed,

Defendant admits its Crown Center hotel currently has no reopening date and provides no assurances that the situation will have changed at the end of the requested ninety days.

District courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (citation omitted). In the parties' proposed order (Doc. 9), Defendant requested an extended schedule due to the pandemic, and the Court granted that request (Doc. 12). The Court understands that the pandemic has adversely impacted the hotel industry., but further delay is not warranted at this time. Defendant's motion to stay is DENIED.

**IT IS SO ORDERED.**

Date: July 16, 2020  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT